FILED
SUPERIOR COURT
OF GUAM

2022 MAY -6 PM 4: 21

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0112-21 |
| vs. | DECISION AND ORDER REVOKING DEFENDANT'S PRE-TRIAL RELEASE |
| DWAYNE EDWARD FEJERAN MATEO DOB: 10/17/1986 | |
| Defendant. | |

## I. INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on February 15, 2022 for further proceedings. Dwayne Edward Fejeran Mateo (the "Defendant") was present along with his counsel Attorney Nicole Cruz. The People of Guam were represented by Assistant Attorney General Grant Olan. Based on numerous violation reports, the People moved for this Court to impose sanctions or revoke Defendant's pre-trial release. Violation Hearing at 9:29 A.M. (Jan. 24, 2022). Following the hearing, the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001. Having duly considered the parties' oral arguments and the applicable law, the Court now issues the following Decision and Order REVOKING Defendant's pre-trial release.

## II. BACKGROUND

On February 24, 2021, a Magistrate's Complaint was filed against the Defendant charging him with Two (2) Counts of DELIVERY OF A SCHEDULE II CONTROLLED

SUBSTANCE (As a 1st Degree Felony); Three (3) Counts of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony); One (1) Count of POSSESSION OF A FIREARM WITHOUT A FIREARMS IDENTIFICATION CARD (As a 3rd Degree Felony); and One (1) Count of POSSESSION OF AN UNREGISTERED FIREARM (As a 3rd Degree Felony). Magistrate Judge Jonathan Quan set the Defendant's bail at $10,000.00. Commitment Order (Feb. 25, 2021). The next day, the Defendant posted bail. Bail Hearing (Feb. 26, 2022). Magistrate Quan then ordered his conditional release based on several conditions. *Id.* The conditions of release, some of which are subject of the several violation reports filed by the Probation Services Division, include:

¶1. ELECTRONIC MONITORING: To be released to Probation on 2/26/21.

¶3. OBEY ALL LAWS: DEFENDANT SHALL OBEY ALL FEDERAL AND LOCAL LAWS, AND ABIDE BY ALL REASONABLE TERMS SET OUT BY PRETRIAL SERVICES WHILE ON RELEASE. DEFEDANT SHALL REPORT TO PRETRIAL SERVICES IN THE PROBATION OFFICES BY TELEPHONE (475-3466/475-3125) ON 2/27/21 AT 9:00 A.M. THE NEXT WORKDAY FOLLOWING THEIR RELEASE FROM CUSTODY.

¶5. REPORTING: Defendant shall report to Pretrial services (475-3466/475-3125) in the Probation Office three (3) times a week by Telephone (M/W/F).

¶9. HOUSE ARREST: Defendant is under House Arrest and may not leave the above residence except for court appearances, to meet with defense counsel or Pretrial Services at the Probation Office, to attend: religious services, for emergency medical treatment, or hospitals and medical treatment facilities.

¶12. ALCOHOL/ DRUGS: Defendant shall not possess, use, and/or consume any alcoholic beverages, illegal controlled substances or marijuana. Defendant shall submit to random alcohol and/or drug testing at the request of the Pretrial Services in the Probation Office. Failure to submit to such testing will be considered a violation. Probation Officers or the Police are authorized to search Defendant's residence, vehicle, or person for alcoholic beverages, illegal controlled substances or marijuana. Defendant shall not enter any alcohol establishment.

Order of Conditional Release and Appearance Bond ("OCR") (Feb. 26, 2021).

The Order also contained the following language under which the Defendant added his signature:

> I have received a copy of this order and I understand that a violation of this order is a Contempt of Court and shall cause me to be arrested and be subject to possible further criminal charges and/or revocation of my pre-trial release.

*Id.*

Eight (8) violation reports were filed by the Probation Office between August 26, 2021 and January 24, 2022.

## III. DISCUSSION

The possibility of revocation is clearly stated as a consequence of willful violations of release conditions in Defendant's Order of Conditional Release, and the conditions by which the Defendant was to abide in order to avoid revocation were violated. According to 8 GCA § 40.75(b), "where the court finds that [a defendant] has willfully violated the conditions imposed on his release . . . the court may revoke the [defendant's] release." *People v. Manibusan*, 2016 Guam 40 ¶ 17 (quoting 8 GCA § 40.75(b)).

### A. DEFENDANT'S EIGHT (8) VIOLATIONS

Defendant's Eight (8) Violations of his pre-trial release conditions are as follows:

**1st Violation (filed on August 26, 2021): The Court instructed Probation to counsel Defendant and have him report for testing again.** The Defendant failed to appear for required drug testing. The Defendant was scheduled to take a drug test on August 26, 2021. The Defendant failed to appear to the Probation Office for said drug test. A violation followed together with a Petition for Warrant or Summons for Offender Under Supervision (Sep. 2, 2021) seeking the issuance of a Summons compelling him to

answer to this violation. However, the Court instructed Probation to contact the Defendant to report for testing again and to counsel the Defendant regarding his obligations. The Court further instructed Probation that, if Defendant does not report for testing, to file a Second Violation and the court will issue a Summons. Id.

**2nd Violation (filed on November 5, 2021 and addressed on January 24, 2022[1]): The Court found a violation.** The Defendant failed to report to the Probation Office three times a week by telephone since August 20, 2021. In addition, the Defendant was scheduled to take a drug test on November 4, 2021. The Defendant failed to appear to the Probation Office for said drug test.

**3rd Violation (filed on January 5, 2022 addressed on January 24, 2022): The Court found a violation.** The Defendant failed to comply with the conditions of the Electronic Monitoring (EM) Program on December 3, 2021 as he made two unauthorized stops while traveling to and from an authorized medical facility. His first unauthorized stop was on his way to the medical facility, when he stopped at a Shell gas station for three minutes. His second unauthorized stop was on his way back from the medical facility, when he stopped at "NCS Market" on YsengSong Road for 10 minutes.

**4th violation (filed on January 5, 2022 addressed on January 24, 2022): The Court found a violation.** The Defendant failed to refrain from using/consuming illegal controlled substances. The Defendant admitted to smoking methamphetamine on November 21, 2021 and his drug test indeed yielded a positive result for methamphetamine.

---

[1] The Violation Hearing for the 2nd Violation was originally scheduled and held on January 6, 2022. However, it was continued at the request of the Defense. *Violation Hrg.* at 2:21:05 P.M. (Jan. 6, 2022).

**5th violation (filed on January 5, 2022 addressed on January 24, 2022):** **The Court found a violation.** The Defendant failed to appear for required drug testing. The Defendant was scheduled to take a drug test on December 2, 2021. The Defendant failed to appear to the Probation Office for said drug test. The Defendant was then scheduled to take a drug test again on December 3, 2021 and again failed to appear to the Probation Office for said drug test.

**6th violation (filed on January 5, 2022 addressed on January 24, 2022):** **The Court found a violation.** The Defendant failed to refrain from using/consuming illegal controlled substances. The Defendant submitted to a drug test on December 6, 2021 and the test yielded a positive result for methamphetamine. The Defendant denied using any illegal drugs but the positive test was confirmed by an off-island confirmatory test.

**7th Violation (filed on January 10, 2022 addressed on January 24, 2022):** **The Court found a violation.** The Defendant failed to follow a court order, failed to comply with the conditions of EM Program, and failed to report to Probation Office. First, on January 6, 2022, the Defendant failed to report to the Probation Office on January 7, 2022 as ordered by this Court. Second, the Defendant failed to comply with the conditions of the EM Program on January 7, 2022 as he made two unauthorized movements while attending an authorized medical facility. The Defendant left the medical facility and stopped at a store for ten minutes before returning to the medical facility. The Defendant then left the authorized medical facility again, driving down Swam Road for twenty minutes before briefly stopping, performing a U-turn, and returning home. Third, the

Defendant was instructed to appear before the Probation Office after visiting the authorized medical facility to provide proof of treatment and to submit to a drug test. The Defendant failed to appear.

**8th Violation (filed on January 24, 2022 and addressed on January 24, 2022): The Court found a violation.** The Defendant failed to refrain from using/consuming illegal controlled substances. The Defendant submitted to a drug test on January 10, 2022 and the test yielded a positive result for methamphetamine. The Defendant denied using any illegal drugs but the positive test was confirmed by an off-island confirmatory test.

## B. REVOCATION OF DEFENDANT'S PRE-TRIAL RELEASE FOR EIGHT VIOLATIONS IS WARRANTED

In order to revoke the Defendant's pre-trial release, this Court must find "that there have been willful violations of his prior order . . . ." Note to 8 GCA § 40.75. The Court finds that Defendant's recurring violations demonstrate a willful defiance of court orders meriting the revocation of his pre-trial release. The Court does not make such determination lightly, acknowledging that "[p]retrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships." *Gerstein v. Pugh,* 420 U.S. 103, 114 (U.S. 1975). But the Court's hand has been forced, as the Defendant has repeatedly failed to correct his course of conduct after having been afforded multiple opportunities to do so, demonstrating that his violations are willful.

Defendant's five (5) total missed drug tests as outlined in the First, Second, Fifth, and Seventh violation reports are inexcusable and alone warrant revocation of Defendant's pre-trial release. The Guam Supreme Court has previously found that when a defendant is accused of a drug offense, his failure to report for a drug test is a serious violation meriting the revocation of

release. *People v. Camacho*, 2009 Guam 6 ¶ 32. Here, the Defendant is before the Court on a drug offense and has missed multiple drug tests. Furthermore, after missing a drug test on December 2, 2021, the Probation Office rescheduled the Defendant to submit to a drug test on December 3, 2021. Despite the second opportunity, the Defendant failed to appear again. The Probation Office aids this Court in enforcing the pre-trial release provisions and is therefore an extension of this Court. That the Defendant defied Probation's orders to appear for his court-ordered drug tests twice and in succession further demonstrates that Defendant has willfully denied court orders and that his pre-trial release is merited.

The Defendant attempts to excuse his two (2) separate EM program violations in his Third and Seventh violation reports on the pretext that his driver did not know the stops or movements were in violation of Defendant's pre-trial release conditions. Violation Hearing at 9:23 A.M (Jan. 24, 2022). Defendant's attempt to shift the blame of his multiple EM violations to his supposed driver is futile. It is the responsibility of the Defendant, not of a third-party, that Defendant's pre-trial release conditions are adhered to. As to the Fourth, Sixth, and Eighth violation reports, the Defendant admits he has no defense for testing positive for methamphetamines. *See Id.* at 9:24 A.M. (stating "As to ingesting illegal substance . . . there really is no defense as to those."). Again, Defendant's multiple violations are inexcusable, demonstrate his willful disobedience of court orders, and they merit revocation of his pre-trial release.

Lastly, the Court is keenly aware of Defendant's two (2) separate failures to report to the Probation Office as outlined in the Second and Seventh violation reports. These are grave violations that illustrate the Defendant is unwilling to follow court orders. First, mandatory

reporting terms are essential conditions of any release because protection of the public depends largely in the ability to monitor a defendant's behavior. Second, the Defendant bluntly ignored a court order when he failed to appear on January 7, 2021 before the Probation Office as outlined in the Seventh violation report. The day prior, this Court spoke directly with the Defendant and ordered him to appear in person before the Probation Office by 9:00 A.M. on January 7, 2022. Violation Hearing at 2:24-2:24 (Jan. 6, 2022) (stating "Mr. Mateo, so there is no confusion and I will not accept any excuses, I am ordering that you report to probation by 9:00 AM tomorrow morning in person. Alright, sir?") The Defendant affirmed he understood. *Id.* In full defiance of this Court's order, the Defendant failed to appear. The Defendant's defense is that he did appear on January 10, 2022. Violation Hearing at 9:19 A.M. (Jan. 24, 2022). However, reporting on a different day does not suffice, and as he was warned, no excuse would be accepted. The Court finds the Defendant willfully disobeyed a Court order and the revocation of his pre-trial release is merited.

The trial courts of the Superior Court of Guam are in accord. In *People v. Chrissy Jean Manley*, CF0143-16-01 (Oct. 17, 2017), four (4) violation reports were filed against the defendant during pre-trial release, in part for failing to report to the Probation Office three times a week, testing positive for methamphetamines, and failure to report for drug tests. *Id.* at 2. The court revoked the defendant's pre-trial release. *Id.* at 4. Here, the Defendant has also failed to report to the Probation Office three times a week, tested positive for methamphetamines, and failed to report for drug tests. Admittedly, one glaring dissimilarity does exist between the two cases: Defendant Meno has twice the number of violation reports as the defendant did in *Manley*.

## IV. CONCLUSION

On the Defendant's admission to violating the provisions of his release on Electronic Monitoring (EM) alone, the court has the authority to revoke his pre-trial release. Nevertheless, on the basis of those EM violations and for all of the reasons stated above, the Court hereby REVOKES the Defendant's pre-trial release. A Trial Scheduling Order shall be issued setting this matter for jury selection and trial.[2]

SO ORDERED this **MAY 06 2022**.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

---

[2] This matter was previously scheduled for a Jury Selection and Trial on February 9, 2022, however, on January 6, 2022, during the original violation hearing which was continued at the request of the Defendant, the parties both agreed to continue dates of trial in order to allow defense counsel more time to negotiate a resolution without trial. *Violation Hrg.* at 2:22:24 PM to 2:23:44 PM (Jan. 6, 2022).